



Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| DEIRDRE M. HUTH, ) | CASE NO. 10-65175 |
| ) | |
| Debtor. ) | JUDGE RUSS KENDIG |
| ) | |
| ) | |
| ) | MEMORANDUM OF OPINION |
| ) | (NOT INTENDED FOR |
| ) | PUBLICATION) |

On September 28, 2011, the court granted Debtor's motion to voluntarily dismiss her case. Creditors Irvin William Huth, Kay V. Huth and William Patrick Huth ("Creditors") request alteration or amendment of that order with the ultimate goal of forcing conversion of the case to chapter 7 on the grounds of bad faith. Debtor filed a response to the motion, to which Creditors replied.

Jurisdiction is premised in 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 13 petition on December 15, 2010. Multiple objections to

confirmation were filed, including two objections by Debtor's ex-husband, William Patrick Huth, and her ex-mother- and father-in-law, Irvin William Huth and Kay V. Huth. Creditors allege Debtor filed her chapter 13 petition in bad faith.

Debtor scheduled an unsecured disputed debt owed to her ex-in-laws in excess of $31,000, which arose as part of her divorce from William Patrick Huth. They filed a claim in approximately the same amount. She listed an unsecured priority claim totaling approximately $800.00 to William Patrick Huth on Schedule E. He filed three claims during the case, totaling over $9,000.00, for child support arrears, unreimbursed medical expenses for his and Debtor's children, and debts Debtor was ordered to pay in the parties' divorce.

Prior to the chapter 13 filing, Creditors sued Debtor in the Tuscarawas County common pleas court and had a pending wage garnishment.

Creditors' objections to confirmation were scheduled for evidentiary hearing on October 3, 2011, a Monday. Debtor's motion to dismiss was filed, and granted, on September 28, 2011.

## LAW AND ANALYSIS

Creditors want the court to amend or alter the order granting the motion to dismiss to provide for conversion to chapter 7. Their request is premised on Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59 into bankruptcy practice. Rule 59(e) is the applicable provision of the rule for Creditors' purpose which, at its heart, is a motion to reconsider. Although Creditors devote much time to their view of the facts underlying their bad faith contention, they virtually ignore the requirements for a motion to alter or amend a judgment.

The Bankruptcy Appellate Panel in this circuit set forth the basics of a Rule 59(e) review:

> The grant or denial of a Rule 59(e) motion is within the informed discretion of the court. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). Moreover, such a motion is an "extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." American Textile Mfrs. Institute, Inc. v. Limited, Inc., 179 F.R.D. 541, 547 (S.D.Ohio 1998). A court may reconsider a previous judgment: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.

> 1999). "A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence." In re Nosker, 267 B.R. 555, 564 (Bankr.S.D.Ohio 2001). "The burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." Id. at 565.

Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008).

Looking at the four bases for the relief requested, it is clear that Creditors do not argue that either a change in law, newly discovered evidence, or a clear error of law provide a foundation for relief. Consequently, they can succeed only if they prove that failure to amend or alter the dismissal would result in manifest injustice.

Creditors' position is summed up in the following statement from their motion: "if the dismissal is not effected, the Creditors will be able to file a Motion to Convert to Chapter 7 based upon the Debtors [sic] bad faith, and all of these Creditors' debts are non-dischargeable in a Chapter 7." (M. Alter or Amend, p. 3) In their reply, Creditors' state their goal: "the motivation of these Creditors is simple–they want to get paid." (Reply, p. 8) The problem with Creditors' position is the dismissal puts them in the position that supports their goals. Their debts have not been discharged and remain collectible under any available legal mechanism. Consequently, the court cannot find, nor have Creditors identified, a cognizable reason the dismissal is manifestly unjust to them.

The court finds the Cusano case cited by Creditors to be inapposite. In re Cusano, 431 B.R. 726 (B.A.P. 6th 2010). First, the Cusano facts, on their face, appear significantly more egregious. The voluntary dismissal which the creditors sought to amend involved issues litigated between the parties for twelve years. The bankruptcy case dismissed was debtor's third case in as many years. His first case was dismissed for lack of credit counseling. The second case was dismissed while the creditors' motion to convert was pending. Similarly, debtor sought dismissal of his third case after he failed to appear at the 341 meeting and the creditors filed a motion to convert. Additionally, the bankruptcy court noted debtor's failures to disclose information. The debtor's attempts to thwart the creditors' collection of debts crossed a United States District Court in California, a bankruptcy court, and the United States copyright office.

Second, the law set forth in Cusano requires more from Creditors. Speaking directly to the requirements of proof for demonstrating a manifest injustice, Cusano supports the court's conclusion that Creditors have not shown manifest unjustness.

> Manifest injustice, as "contemplated by Rule 59(e), is
> an amorphous concept with no hard line definition."
> In re Henning, 420 B.R. 773, 785 (Bankr.W.D.Tenn.
> 2009). However, courts have established various guide-
> lines to be used on a case-by-case basis to determine
> whether the necessary manifest injustice has been
> shown.
>
> 'A movant seeking Rule 59(e) relief must be able to
> show an error in the trial court that is direct, obvious,
> and observable. The movant must also be able to de-
> monstrate that the underlying judgment caused them
> some type of serious injustice which could be avoided
> if the judgment were reconsidered. Essentially, the
> movant must be able to show that altering or amending
> the underlying judgment will result in a change in the
> outcome in their favor. A party may not seek Rule 59(e)
> relief on the premise of "manifest injustice" if the only
> error the movant seeks to correct is a poor strategic
> decision.' Id. (internal citations and quotations omitted).

Cusano, 431 B.R. at 733. As the court has already stated, allowing the dismissal to stand does not result in a "serious injustice" to Creditors. The debts are not discharged and are collectible. Even in Creditors' best scenario, conversion to chapter 7 and a finding of nondischargeability for all the debts in question, they would have the same rights they do today.

Notably, in spite of the fact that a motion to convert was pending at the time of dismissal, the Cusano court did not grant the motion to alter or amend the judgment to allow creditors to act on the motion to convert, but instead amended the judgment to grant the alternative relief sought, a filing bar on further petitions from debtor. Here, Creditors want the court to amend the judgment to provide a doorway to an outcome not previously sought. Although they had objections to confirmation pending, the only relief requested by Creditors was denial of confirmation. They had not sought conversion. It seems that after Debtor exercised her right to voluntarily dismiss her case under 11 U.S.C. § 1307, Creditors' strategy changed.

Creditors have failed to meet their burden of proving grounds for alteration or amendment of the order of dismissal. Because the debts owed to them were not discharged, there is no manifest injustice in not allowing them an opportunity to convert to chapter 7.

An appropriate order will be entered.

#   #   #

## SERVICE LIST

Deirdre M Huth
1835 Koran St NW
Canton, OH 44708

Anne Piero Silagy, Esq
220 Market Ave S Ste 900
Canton, OH 44702

Michela Huth
P.O. Box 673
Bolivar, OH 44612

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702